IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LISA ANN CARDEN, Individually, and for and on Behalf of Those Entitled to Recover for the Wrongful Death of ALEXA LEE WILSON, ET AL., <br><br> Plaintiffs, <br><br> VS. <br><br> GENERAL MOTORS CORPORATION, <br><br> Defendant. | § § § § § § § § § § § § § § | NO. 4:05-CV-549-A <br> (Consolidated with No. 4:06-CV-356-A) |

MEMORANDUM OPINION
and
ORDER

After having considered the motion for partial summary judgment filed by defendant, General Motors Corporation, ("GM") the response thereto of plaintiffs,[1] GM's reply, the pleadings, the entire summary judgment record, and applicable authorities, the court has concluded that such motion should be granted.

This is a products liability case arising from a motor vehicle collision that occurred in June 2004 causing the death of the daughter of two of the plaintiffs and causing injuries to other plaintiffs. The daughter and injured plaintiffs were occupying a 1999 Pontiac Grand Am automobile designed, manufactured, and distributed by GM. Plaintiffs claim that the Grand Am was defectively designed and manufactured by GM in part because the center-rear seatbelt system did not have a three-

---

[1] The plaintiffs are Lisa Ann Carden, individually, and as an heir of Alexa Lee Wilson; Kevin Stillwell and Pamela Stillwell, individually and as next friends of Emily Stillwell, a minor; and Ronald Lee Wilson, II, individually and as an heir of Alexa Lee Wilson.

point lap/shoulder belt and retractor.  GM has moved for summary judgment on the ground that the claims alleging defectiveness in the center-rear seatbelt system are preempted by Federal Motor Vehicle Safety Standards, including FMVSS 208.

So far as the court can determine, the United States Court of Appeals for the Fifth Circuit has not issued an opinion that would control the outcome.  However, the court is persuaded by the reasoning of other courts that have dealt with the precise, or similar, issues that are presented by the summary judgment papers in this case.  In particular, the court has found persuasive the opinions of the Supreme Court in <u>Greier v. American Honda Motor Co.</u>, 529 U.S. 861 (2000), of the Eleventh Circuit in <u>Griffith v. General Motors Corp.</u>, 303 F.3d 1276 (11th Cir. 2002); <u>James v. Mazda Motor Corp.</u>, 222 F.3d 1323 (11th Cir. 2000); and <u>Irving v. Mazda Motor Corp.</u>, 136 F.3d 764 (11th Cir. 1998), of the Seventh Circuit in <u>Hurley v. Motor Coach Industries, Inc.</u>, 222 F.3d 377 (7th Cir. 2000), and of the Fourth Circuit in <u>Moser v. Ford Motor Co.</u>, 28 Fed. Appx. 168 (4th Cir. 2001).[2]

The court has concluded that the seatbelt-system claims at issue are preempted.  The reasons why the claims are preempted are so clearly expressed in those opinions that the court will not take the time to repeat them here.  The preemption applies to the claims of plaintiffs that are alleged in paragraphs 4.04,

---

[2]Also persuasive are the state court decisions in <u>Heinricher v. Volva Car Corp.</u>, 809 N.E.2d 1094 (Mass. App. Ct. 2004), and <u>Hernandez-Gomez v. Volkswagen of America</u>, 32 P.3d 424 (Ariz. App. Div. 2, 2001).

4.05, 4.06, 4.07, 4.08, 4.09, 6.02, 6.03, 6.04, 6.05, and 6.06 of Plaintiffs' First Consolidated and Amended Complaint and to any other claim in the pleading that urges, in general language, a cause of action based on any of the alleged defects described in the specifically enumerated paragraphs above.

Therefore,

The court ORDERS that GM's motion for partial summary judgment be, and is hereby, granted.

The court further ORDERS that all preempted claims, as described above, be, and are hereby, dismissed.

SIGNED September 29, 2006.

                                              /s/ John McBryde
                                            JOHN McBRYDE
                                            United States District Judge